**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| NOVOCRYPT LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>MISFIT, INC.,<br><br>        Defendant. | No. 5:16-cv-<br><br>JURY TRIAL DEMANDED |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Novocrypt LLC, by and through its undersigned counsel, files its Original Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

### THE PARTIES

1. Plaintiff Novocrypt LLC is a Texas limited liability company with a principal office at 3401 Custer Road, Suite 125-A, Plano, TX 75023.

2. Defendant Misfit, Inc., is a Delaware corporation with a principal office at 839 Mitten Road, Suite 100, Burlingame, California 94010. Defendant may be served with process through The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

### JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries; (ii) at least a portion of the alleged patent infringements occurred in this Judicial

District; and (iii) Defendant regularly solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## THE PATENT-IN-SUIT

7. On June 22, 2010, the U.S. Patent and Trademark Office issued U.S. Patent No. 7,743,213 ("the 213 patent"), titled "Portable Storage Device With Network Function."  A true and accurate copy of the 213 patent is attached at Exhibit A.

8. The 213 patent is presumed valid under 35 U.S.C. § 282(a).

9. Plaintiff is the owner and assignee of all substantial rights, title, and interest in the 213 patent, including the right to assert all causes of action arising under the patent and the right to recover all past and future damages for infringement of the patent.

## THE ACCUSED PRODUCTS

10. Defendant makes, uses, sells, offers for sale, or imports one or more products that infringe one or more claims of the 213 patent.

11. Defendant's Accused Products are at least its Misfit Link and Misfit App.

## COUNT I
## DIRECT AND INDUCED INFRINGEMENT OF U.S. PATENT NO. 6,310,864

12. Plaintiff incorporates by reference each of its foregoing allegations.

13. Plaintiff conducted a pre-filing investigation, comparing the Accused Products to one or more claims of the 213 patent.

14. Without license or authorization and in violation of 35 U.S.C. §§ 271(a), Defendant directly infringes one or more claims of the 213 patent in this District and throughout the United States, literally or under the doctrine of equivalents.

15. Defendant directly infringes at least Claim 1 of the 213 patent by testing and using the Accused Products within this District and the United States in a manner that infringes at least Claim 1 of the 213 patent as follows:

A portable storage device with network function (*during testing and usage, the Accused Products use a portable storage device, such as a smartphone, with network function*), comprising:

an interface unit for coupling to an electronic apparatus (*during testing and usage, the Accused Products use an interface unit, e.g., a Bluetooth module, of the portable storage device for coupling to the Misfit Link*);

a network unit located within the portable storage device for linking with a remote network host (*during testing and usage, the Accused Products use the portable storage device's Wi-Fi and cellular data modules for linking with the Defendant's server*);

a memory unit located within the portable storage device providing access of data and temporarily storing data received from the electronic apparatus (*during testing and usage, the Accused Products use the portable storage device's memory unit for obtaining and accessing fitness data that is temporarily stored in the device's memory*); and

a processing unit located within the portable storage device that receives instructions from the electronic apparatus for controlling access of data between the memory unit and the electronic apparatus with data transmission via the interface unit (*during testing and usage, the Accused Products provide instructions to the portable storage device's processing unit for communicating fitness data between the device's memory and the Accused Products via the device's Bluetooth module*), and access of data between the memory unit and a remote network host with data transmission via the network unit (*during testing and usage, the Accused Products provide instructions to the portable storage device's processing*

>  unit for communicating fitness data between the device's memory and Defendant's server via the device's Wi-Fi and cellular data modules), wherein data is directly stored on the remote network host (*during testing and usage, the Accused Products use the portable storage device's processing unit for storing fitness data on Defendant's server*);
>
>  wherein the portable storage device with network function is removably coupled to said electronic apparatus, expanding storage capacity of the electronic apparatus (*during testing and usage, the Misfit Link removably couples via the Bluetooth connection with the portable storage device, which expands the storage capacity of the Misfit Link*).

16. Claim 1 is understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

17. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant directly infringes at least Claim 1 of the 213 patent through its testing and use of the Accused Products upon a plain reading of this Complaint, the 213 patent, and at least Claim 1.

18. Since at least the date that Defendant was served with a copy of Plaintiff's Original Complaint for Patent Infringement, Defendant has known that it is directly infringing one or more claims of the 213 patent through its testing and use of the Accused Products.

19. Plaintiff reserves the right to modify its direct infringement theory as discovery progresses in this case, and it shall not be estopped for claim construction purposes by its preliminary infringement analysis as provided in this Complaint.

20. Plaintiff's preliminary infringement analysis is not representative of its final claim construction positions.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A. Judgment that Defendant has infringed the 213 patent under 35 U.S.C. § 271(a);

B. An accounting of all infringing acts including, but not limited to, those acts not presented at trial.

C. An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D. Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E. Such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: February 8, 2017                    Respectfully submitted,

_____
Peter J. Corcoran, III
Texas State Bar No. 24080038
**CORCORAN IP LAW, PLLC**
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

*Counsel for Plaintiff*
*Novocrypt LLC*